IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| JACKIYA FORD, | CV 10-31-M-DWM-JCL |
| Plaintiff, | |
| vs. | |
| COUNTY OF MISSOULA, MONTANA; FRED VAN VALKENBURG, Missoula County Attorney; DOROTHY BROWNLOW, Deputy County Attorney; DEBBIE MERSEAL, Supervising Clerk; KIM COX, Deputy County Clerk; SARGENT RIO; and DEPUTY WALROD, Deputy Sheriff, | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| Defendants. | |

_____

By Order entered April 14, 2010, the Court directed the Plaintiff, Jackiya Ford, to file an amended complaint on or before May 14, 2010. The Court cautioned Ford that her failure to comply with the terms of the referenced Order could result in the dismissal of this action under Fed. R. Civ. P. 41(b), and the authority of *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

As of the date of this recommendation, however, Ford has not filed an amended complaint. Thus, Ford has failed to comply with the Court's Order, and she has failed to prosecute this case.

FINDINGS AND RECOMMENDATION - Page 1

**I.     DISCUSSION**

Rule 41(b), Fed. R. Civ. P., authorizes the court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" The court may dismiss a case under Rule 41(b) sua sponte. *See e.g.*, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 631-633 (1962); *Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal as a remedy under Rule 41(b) for a party's failure to comply with a court order, the court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). These five "factors are 'not a series of conditions precedent before the judge can do anything,' but are a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

A.   **Expeditious Resolution**

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The district courts are in a superior position to evaluate this factor and to determine when a particular delay interferes with the public's interests. *Id*. (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

This factor weighs in favor of dismissing this case. The substance of this action stems from Ford's attempt to file a document, or documents, with the Missoula County Clerk and Recorder affecting interests in real property. The Clerk and Recorder's office and the County Attorney's office deemed the documents inappropriate for filing. These issues of public interest, therefore, are ill-served by any further delay.

B.   **Docket Management**

Again, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not actively pursue their claims or do not obey the court's orders disrupt the court's handling of other matters by consuming time and resources needed by other litigants who are active and compliant. *See Pagtalunan*, 291 F.3d

FINDINGS AND RECOMMENDATION - Page 3

at 642.  The court must be able to "manage its docket without being subject to routine noncompliance of litigants[.]"  *Id*. (citing *Ferdik*, 963 F.2d at 1261).

Ford has demonstrated her unwillingness to comply with the Court's April 14, 2010 Order.  Thus, in the interest of judicial economy, the Court's time is better spent on cases in which the litigants are compliant.  Therefore, this factor weighs in favor of dismissal.

### C.     Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987)).  Although there are inherent delays in the normal course of litigation, a party's "unreasonable" delay and noncompliance can cause prejudice to the opposing party.  *Id*.  The law presumes that an unreasonable delay has caused prejudice to the opposing party.  *In re Phenylpropanolamine*, 460 F.3d at 1227-28.

Although the Defendants have not appeared in this action, prejudice is inherent in the delay caused by Ford's noncompliance.  *See Pagtalunan*, at 643 (finding that stale evidence and faded memories prejudice the litigation).  Nonetheless, absent evidence before the Court with respect to any prejudice the

FINDINGS AND RECOMMENDATION - Page 4

Defendants may suffer, the Court deems this factor to have neutral weight under the circumstances of this case and in the context of the Court's analysis under Rule 41(b).

### D. Less Drastic Alternatives

A court is obligated to consider the impact of a dismissal as a sanction, and the adequacy of less drastic sanctions. *In re Phenylpropanolamine*, 460 F.3d at 1228 (citing *Malone*, 833 F.2d 131-32). A court's "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Id*. at 1229 (citations omitted).

The Court has already provided Ford an opportunity to avoid a Rule 41(b) dismissal of this case. There is no reason to expect Ford will "respond more satisfactorily to a second round" of opportunities to comply with the Court's Orders than she did the first time. *Henry*, 983 F.2d at 948. The Court is also not required to exhaust all alternative less-drastic sanctions prior to dismissal. *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Finally, the Court's April 14, 2010 Order warned Ford that her failure to file an amended complaint by May 14, 2010, could result in the dismissal of this action under Fed. R. Civ. P. 41(b). Therefore, in considering other less drastic alternatives, the Court concludes dismissal is appropriate.

FINDINGS AND RECOMMENDATION - Page 5

### E.     Disposition on the Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Regardless of the circumstances of a particular case, this factor will always counsel against dismissal.

## II.     CONCLUSION

Based on the foregoing, although the policy favoring disposition of cases on their merits weighs against dismissal under Rule 41(b), taken as a whole the remaining factors support the dismissal of this case. Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) [...] operates as an adjudication on the merits." To allow for the potential of a future disposition of this case on its merits, the Court does not recommend this dismissal as an adjudication of the merits of Ford's claims. Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b).

DATED this 25th day of May, 2010.

                                             /s/ Jeremiah C. Lynch
                                             Jeremiah C. Lynch
                                             United States Magistrate Judge