IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

JACKIYA FORD,                              CV 10-31-M-DWM-JCL

        Plaintiff,

  vs.
                                     ORDER

COUNTY OF MISSOULA, MONTANA;
FRED VAN VALKENBURG, Missoula
County Attorney; DOROTHY BROWNLOW,
Deputy County Attorney; DEBBIE MERSEAL,
Supervising Clerk; KIM COX, Deputy County Clerk;
SARGENT RIO; DEPUTY WALROD, Deputy Sheriff;
BITTERROOT VALLEY BANK; and
STATE OF MONTANA,

        Defendants.
_____

On June 17, 2010, Plaintiff Jackiya Ford filed a "Motion for Subpoena," and a "Writ for Habeas Corpus." For the reasons stated below, Ford's motions are denied.

With respect to Ford's request for subpoenas she simply asks the Court "to subpoena the following parties for this cause[.]" Ford proceeds to identify four individuals in her motion, some of whom Ford identified in her June 8, 2010

ORDER - Page 1

Motion for Summons. By Order entered June 10, 2010, the Court denied Ford's Motion for Summons.

Subpoenas are governed by Fed. R. Civ. P. 45. The purpose of a subpoena, in general, is to direct a person (1) to testify, (2) to produce documents, information, or tangible things, or (3) to permit the inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii). Unless a subpoena is issued by an attorney, a party must prepare a subpoena form for issuance by the Clerk of Court. Rule 45(a)(3). The Court does not issue subpoenas on behalf of a party.

Ford has not presented subpoena forms for issuance. She also has not described the purpose for the requested subpoenas.

Furthermore, Ford's Motion for Subpoenas is premature. Ford is proceeding *pro se* in this action, and the Court has granted her leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As explained in the June 10, 2010 Order, Ford did not timely present a pleading for the Court's preliminary review under 28 U.S.C. § 1915(e)(2) and, therefore, this action is currently subject to dismissal as recommended in the Court's May 25, 2010 ruling. The Court must conduct and complete its review of a pleading under 28 U.S.C. § 1915(e)(2) before it can permit this action to proceed. *See Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Also, the Court has inherent power and discretion to control its docket, and the proceedings within the cases on its docket. *Landis v. North American Co.,*

ORDER - Page 2

299 U.S. 248, 254 (1936).  Therefore, **IT IS HEREBY ORDERED** Ford's Motion for Subpoenas is **DENIED**.

Ford's separate Writ for Habeas Corpus requests release from state custody. Ford also seeks to have the State of Montana demonstrate probable cause for its present detention of her.

Based on the allegations Ford presents in her original Complaint filed in this action, the Court has construed her claims as prosecuted under authority of 42 U.S.C. § 1983.  A civil tort action under § 1983, however, is not the appropriate vehicle for challenging the validity of a plaintiff's physical custody or confinement imposed under state law.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  Rather, a habeas corpus petition filed under either 28 U.S.C. §§ 2241 or 2254 is the exclusive remedial vehicle available to a person who is detained under state law and seeks release from such detention.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  The Court cannot grant habeas relief in a civil tort action filed under § 1983.  Therefore, **IT IS FURTHER ORDERED** Ford's Writ for Habeas Corpus is **DENIED** without prejudice to her ability to file a separate habeas corpus action.

DATED this 29th day of June, 2010.

      /s/ Jeremiah C. Lynch
      Jeremiah C. Lynch
      United States Magistrate Judge